UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| AMANDA U. AJULUCHUKU, | ) | CASE NO. C04-2484-RBL-MAT |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| DORSEY & WHITNEY, LLP, | ) | |
| Defendant. | ) | |

Plaintiff Amanda Uche Ajuluchuku, proceeding *pro se*, has submitted an *in forma pauperis* application and a proposed complaint. (Dkt. 1.) Plaintiff's proposed complaint is directed against the law firm of Dorsey and Whitney LLP and appears to allege federal claims under the Americans With Disabilities Act (ADA) and the Civil Rights Act of 1964, as well as state-law tort claims for mental and emotional distress.

In recent months, plaintiff has filed a number of lawsuits in this district; in addition, several other lawsuits that plaintiff initially filed in state court were removed by defendants to this court. Plaintiff has previously been granted leave to proceed *in forma pauperis* in several actions in this Court. However, a district court may also "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). In addition, 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) requires district courts to dismiss actions that are frivolous or fail to state

REPORT AND RECOMMENDATION
PAGE -1

01 a claim on which relief may be granted. An action is frivolous if "it lacks an arguable basis either
02 in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this case, it is recommended
03 that plaintiff's motion to proceed *in forma pauperis* be denied and that this action be dismissed
04 without prejudice under 28 U.S.C. § 1915(e)(2)(B).

05       The proposed complaint appears to allege that in August of 2004, plaintiff received a
06 telephone call at approximately 8:00 p.m. from an attorney (Kandis Baldwin) at the defendant law
07 firm, apparently in connection with one of plaintiff's lawsuits.[1] Plaintiff alleges that "[o]n or before
08 August 2004, attorney Kandis Baldwin telephoned me around 8:00 p.m. to terrorize me at home.
09 She demanded that I give her my physical address."[2] Complaint at B.1. The proposed complaint
10 also alleges that "I interact with more than ten defense attorneys and judges. None of them has
11 telephoned me, let alone call me around 8:00 p.m. to demand my physical address." *Id.* at B.5.
12 Plaintiff further alleges that by making this telephone call, the attorney increased the intensity of
13 the plaintiff's dizziness and that the attorney's demands caused her to fall down. *Id.* at E.3.
14 Plaintiff alleges that she suffered panic and anxiety attacks because of this telephone call, and that
15 she is scared of opening her door for fear that the attorney might cause her more damage. *Id.* at
16 F.2. Plaintiff's prayer for relief requests $1,000,000,000 in compensatory and punitive damages.

17       Even assuming the truth of the factual allegations, the proposed complaint clearly fails to
18 state a colorable claim under the ADA or the Civil Rights Act of 1964. These statutes prohibit
19 certain types of discrimination in employment and public accommodations. There is no allegation
20 that plaintiff sought employment with or services from the defendant. As such, plaintiff's federal
21 claims should be dismissed as frivolous and for failure to state a claim on which relief may be

---

[1] Court records indicate that Ms. Baldwin was an attorney of record for the defendant in *Ajuluchuku v. U-Haul Co. of Washington*, C04-1755MJP, which was removed to this Court in August of 2004.

[2] Plaintiff also alleges that "[o]n or before August 2004, a woman came to my home to terrorize me after midnight." *Id.* at B.3. However, there is no allegation that this person was Kandis Baldwin.

REPORT AND RECOMMENDATION
PAGE -2

01 granted.

02 Plaintiff also alleges that Ms. Baldwin's telephone call caused her mental or emotional
03 distress. Therefore, plaintiff's proposed complaint may be construed as alleging state-law tort
04 claims for intentional infliction of emotional distress or negligent infliction of emotional distress.
05 However, these claims are also frivolous and fail to state a claim on which relief may be granted.

06 Under Washington law, a required element for a claim of intentional infliction of emotional
07 distress is "extreme and outrageous conduct" by the defendant. *Haubry v. Snow*, 106 Wn. App.
08 666, 680 (2001). The conduct in question must be "so outrageous in character, and so extreme
09 in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and
10 utterly intolerable in a civilized community."[3] *Id.* (quoting *Grimsby v. Samson*, 85 Wn. 2d 52, 59
11 (1975)). The proposed complaint does not include allegations that could reasonably or arguably
12 be characterized as such. In essence, the proposed complaint alleges that Ms. Baldwin
13 "terrorize[d]" the plaintiff by telephoning her at home at approximately 8:00 p.m. to "demand" the
14 plaintiff's physical address. However, it is not outrageous or extreme for an attorney to call an
15 opposing party in a lawsuit to seek a physical address for the party.

16 In addition, a claim for negligent infliction of emotional distress requires the plaintiff to
17 show that the defendant owed a duty to the plaintiff and that the defendant breached that duty.
18 *Id.* at 678. Here, the proposed complaint contains no allegation of a duty or a breach of any duty.
19 As a result, such a claim would be untenable as well.

20 Accordingly, because of the deficiencies in plaintiff's proposed complaint, her *in forma*
21 *pauperis* application should be denied and this action dismissed without prejudice. *See* 28 U.S.C.
22 § 1915(e)(2)(B) (requiring *sua sponte* dismissal); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir.
23 1981) (permitting *sua sponte* dismissal). **If plaintiff believes that the deficiencies outlined**

---

25 [3] While it is ordinarily for the finder of fact to determine whether conduct is sufficiently
26 outrageous, "it is initially for the court to determine if reasonable minds could differ on whether
the conduct was sufficiently extreme to result in liability." *Haubry*, 106 Wn. App. at 680.

REPORT AND RECOMMENDATION
PAGE -3

01  **herein can be cured by an amendment to her Complaint, she should lodge an Amended**
02  **Complaint as a part of her objections, if any, to this Report and Recommendation.**  A
03  proposed Order accompanies this Report and Recommendation.
04         DATED this  13th  day of January, 2005.

05                                   s/ Mary Alice Theiler
                                     United States Magistrate Judge